HENRY A. CHURCH *vs.* THE WARREN MANUFACTURING COMPANY.

A statute provided, "every person of the age of twenty one years and of sound mind . . . may . . . devise any lands, tenements, or hereditaments acquired subsequently to the execution of his will, provided his intention to devise the same appears by the express terms of his will."

A residuary devise was as follows:

" All the rest, residue, and remainder of my property, of every kind, nature, and description, and wherever the same may be, I give, devise, and bequeath unto my son."

*Held*, that the devise did not carry the testator's realty acquired subsequent to the execution of the will.

ASSUMPSIT.    Heard under the following stipulation signed by the attorneys of the litigants :

" Agreed to try the above case to the court on the following stipulation ; the question before the court being the question of whether the plaintiff has title in the real estate described in the declaration.

" One Irene Butler, the mother of Cyrus Butler, from whom the plaintiff claims title, made and executed her last will and testament, and after giving certain bequests to her two grand children made a residuary clause as follows :

" ' All the rest, residue, and remainder of my property, of every kind, nature, and description, and wherever the same may be, I give, devise, and bequeath unto my son Cyrus Butler of Providence.'

" Subsequent to the execution of this will said Irene Butler acquired the real estate in question, and the question before the court to be determined is whether or not, under said will, said property in question passed to Cyrus Butler.

" All other questions to be left open."

*July* 5, 1884.    CARPENTER, J.    The question to be decided, under the stipulation and agreed statement of facts, is whether the will of the late Irene Butler devises real estate which was acquired by her after the execution of the will.    The clause of the will in question is as follows :

" All the rest, residue, and remainder of my property, of every kind, nature, and description, and wherever the same may be, I give, devise, and bequeath unto my son Cyrus Butler of Providence."

The plaintiff admits that under the general rule of law, in order to pass real estate by a will, the testator must be seized of the same at the time of executing the will, but contends that this will passes estate afterwards acquired by virtue of our statute which provides that " every person of the age of twenty one years and of sound mind . . . may . . . devise any lands, tenements, or hereditaments acquired subsequently to the execution of his will, provided his intention to devise the same appears by the express terms of his will."    Pub. Stat. R. I. cap. 182, § 1.

We are referred to decisions in Massachusetts and in New York in support of this view.    In *Winchester* v. *Forster*, 3 Cush. 366, it was held that where the intent to make disposition of his entire property appears by the whole scheme and tenor of the will, in that case after acquired real estate will pass.    The words of the statute in that State were that after acquired estate should pass " if such shall clearly and manifestly appear by the will to have been the intention of the testator."    In that case it was argued that there must appear an intention specifically to devise such estate as should afterwards be acquired, but the court held the true construction of that statute to be that the general intention to pass the whole estate of the testator, and not to die intestate as to any part of it, brought the case within the statute, provided that intention appeared from the reading of the whole will.

In *Lent* v. *Lent*, 24 Hun, 436, substantially the same decision was made under a statute which provided that " every will that shall be made by a testator in express terms, of all his real estate, or in any other terms denoting his intent to devise all his real property, shall be construed to pass all the real estate which he was entitled to devise at the time of his death."

We think the proper construction of our statute requires that the intention appear in direct and explicit terms on the face of the will.    The intention is to appear in " express terms," and not by any implication or inference.    Before this statute was enacted it was not competent for the testator by any form of words to devise estate such as that now in question.    What words would be sufficient to express the intention to act under the power given by this statute we do not undertake to inquire ; but it seems clear that the words of this will do not express such intention.    They

go no further than the words which were formerly used to pass the residue of the estate of which the testator was then seized, and they seem to us to be entirely consistent with an intention that they shall have no further effect.

We decide, therefore, that the real estate in question did not pass under the residuary clause of the will.

*James M. Ripley*, for plaintiff.

*James Tillinghast*, for defendant.